# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERY D. DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-952** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION "F" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jeffery D. Dunn, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants the City of New Orleans, the State of Louisiana, Section C of the Orleans Parish Criminal District Court, and Judge Benedict Willard. Plaintiff claimed that he was being wrongfully detained after it was determined that there was no probable cause for his arrest.

On May 9, 2012, the Court issued an Order scheduling a Spears hearing in this matter for June 12, 2012.[1] However, that hearing ultimately could not be held as scheduled because plaintiff had been released from incarceration and his whereabouts were unknown. Therefore, on June 13, 2012, the Court issued an Order directing plaintiff to notify the Court of his current address on or before July 16, 2012, and warning him that failure to comply with that order would result in a recommendation that his complaint be dismissed with prejudice for failure to prosecute.[2] A copy of that Order was sent to plaintiff both at his address of record (the Templeman Unit of the Orleans

---

[1] Rec. Doc. 4. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989).

[2] Rec. Doc. 5.

Parish Prison) and at an alternative address listed on his complaint (4722 Marigny Street, New Orleans, Louisiana 70122). The copy sent to the jail address was returned by the United States Postal Service on June 25, 2012, as undeliverable and bearing a notation that plaintiff had been released on June 6, 2012.[3] The copy sent to the alternate address was not returned and, therefore, was presumably delivered. To date, plaintiff has not notified the Court of his current address.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.

As noted, more than thirty-five days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable. Plaintiff has not notified this Court of his current address, in contravention of the Local Rules and despite his following declaration in the complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]

---

[3] Rec. Doc. 6.

[4] Rec. Doc. 2, p. 4.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff at his address of record was returned as undeliverable more than thirty-five days ago, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this second day of August, 2012.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY PLAINTIFF BOTH
AT HIS ADDRESS OF RECORD AND AT
THE FOLLOWING ADDRESS:**

Jeffery D. Dunn
4722 Marigny Street
New Orleans, Louisiana 70122

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.